*Sukhova v. Sessions*

BIA
Nelson, IJ
A089 906 281

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

IRINA SUKHOVA,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

15-2533
NAC

_____

FOR PETITIONER:          Alexander J. Segal, The Law Offices of Grinberg & Segal, P.L.L.C., New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Justin

R. Markel, Assistant Director;
Brooke M. Maurer, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Irina Sukhova, a native of the former Soviet Union and citizen of Russia, seeks review of a July 13, 2015, decision of the BIA affirming a January 9, 2014, decision of an Immigration Judge ("IJ") denying Sukhova's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Irina Sukhova,* No. A089 906 281 (B.I.A. July 13, 2015), *aff'g* No. A089 906 281 (Immig. Ct. N.Y. City Jan. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (applying

2

substantial evidence standard to nexus determination); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006) (reviewing agency's denial of CAT relief under substantial evidence standard).

## I. Asylum and Withholding of Removal

To obtain asylum or withholding of removal, Sukhova had to demonstrate that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 U.S.C. § 1231(b)(3)(A); *Matter of C-T-L*, 25 I. & N. Dec. 341, 346-48 (B.I.A. 2010). Sukhova argues that she was persecuted based on her actual or imputed political opposition to state corruption because she was criminally prosecuted after prevailing in a civil lawsuit against a state-owned company. "Although opposing corruption for purely self-interested reasons may lack a political motivation, 'opposition to endemic corruption . . . may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime.'" *Castro v. Holder*, 597 F.3d 93, 100-01 (2d Cir. 2010) (alteration in original) (quoting *Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005)). While the country

3

conditions evidence in the record reflects that government corruption is an endemic problem in Russia and that the judiciary is subject to outside influence, the agency reasonably determined that Sukhova was not targeted because of her political opinion, as she engaged in litigation against the state-owned company for purely self-interested purposes rather than because of a political opposition to corruption. *See id.* While Sukhova testified that she had always opposed government corruption, she did not point to any actions she took to oppose corruption aside from her lawsuit against the state-owned company and her defense of the subsequent criminal charges against her. She did not speak out publicly or write articles against corruption, organize other business owners to oppose government corruption, or participate in any anti-corruption efforts organized by others. In sum, her activities never "extend[ed] beyond h[er] own case." *Id.* at 547. Her case is thus distinguishable from those where we have found that petitioners' anti-corruption activities transcended their own self-interest. *Ruqiang Yu v. Holder*, 693 F.3d 294, 299 (2d Cir. 2012) (emphasizing that petitioner's "opposition to the wage theft was not grounded in a desire to recoup his own wages, but to assist the others" and that he "organized and accompanied

4

other workers to demand their wages"); *Zhang*, 426 F.3d at 547–48 (highlighting that petitioner's opposition to extortion took on a political dimension when he "decided to marshal support from similarly afflicted' business owners and to attempt to publicize and criticize endemic corruption" of municipal government).

Sukhova's failure to establish that her anti-corruption political opinion or another protected ground was "at least one central reason" for the harm she suffered is dispositive of asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Matter of C-T-L*, 25 I. & N. Dec. at 346.

## II. CAT Relief

To obtain CAT relief, Sukhova was required to demonstrate that "it is more likely than not" that she will be tortured by or with the acquiescence of Russian government officials "if removed." 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). "In order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 1208.18(a)(5). We defer to the BIA's interpretation that substandard prison

5

conditions do not constitute torture unless the conditions "are sufficiently extreme and are inflicted by government actors (or by others with government acquiescence) *intentionally* rather than as a result of poverty, neglect, or incompetence." *Pierre v. Gonzales*, 502 F.3d 109, 111 (2d Cir. 2007); *see also In re J-E-*, 23 I. & N. Dec. 291, 299-302 (B.I.A. 2002).

Sukhova bases her CAT claim on the likelihood of her detention and imprisonment if she is removed to Russia. An arrest warrant was issued for Sukhova after she failed to appear for a hearing in February 2008, although she did not testify about or provide evidence of any government attempts to locate her since then. She was also detained for 11 months the last time she failed to appear for a court hearing. And if she is ultimately convicted of fraud, she could face up to 15 years in prison.

The prison conditions Sukhova faces are similar to the Haitian prison conditions we described in *Pierre*, 502 F.3d at 112. According to a 2012 State Department report on Russia, "[c]onditions in prisons and detention centers vary but were sometimes harsh and life-threatening. Limited access to health care, food shortages, abuse by guards and inmates, inadequate sanitation, and overcrowding were common in

6

prisons, colonies, and other detention facilities." A.R. 853. The report noted that conditions were generally better in women's facilities and did not state that Russian officials intentionally create or maintain harsh prison conditions or that women or businesspeople like Sukhova are targeted for physical abuse or intentionally harsh treatment.

Sukhova stated that while detained in 2006 and 2007, she was able to see a medical specialist and received treatment for her health condition. And Sukhova did not testify that she was physically assaulted or otherwise singled out for mistreatment by any officials, prison guards, or other inmates. While the conditions Sukhova faces may be dismal, the record does not reflect that she will be intentionally targeted for treatment amounting to torture if she is detained again. *Pierre*, 502 F.3d at 111, 121. Thus, we conclude that substantial evidence supports the agency's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7